**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4195**

─────────────

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　v.

FOSTER SHANE GAINES, a/k/a Money, a/k/a Goldie, a/k/a D,

　　　　　　Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:18-cr-00143-AWA-RJK-1)

─────────────

Submitted:  May 26, 2023　　　　　　　　　　Decided:  September 6, 2023

─────────────

Before GREGORY, THACKER, and RUSHING, Circuit Judges.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  James R. Theuer, JAMES R. THEUER, PLLC, Norfolk, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Aidan Taft Grano-Mickelsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Foster Shane Gaines pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. § 846, and conspiracy to engage in sex trafficking of a child, in violation of 18 U.S.C. § 1594(c).  Gaines seeks to appeal the district court's orders denying his motions to withdraw his guilty plea and challenges the imposition of the special conditions of supervised release.  The Government has moved to dismiss the appeal.  We grant the motion in part and dismiss Gaines's challenge to the conditions of supervised release.  We affirm Gaines's convictions.

We review de novo the validity of an appeal waiver and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).  "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).  "[T]he issue ultimately is evaluated by reference to the totality of the circumstances," considering "the particular facts and circumstances surrounding th[e] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted).

2

Gaines does not specifically challenge the validity of his appeal waiver; instead, he contends that his challenge to the district court's decisions not to allow him to withdraw his plea was not waivable. "An appeal waiver will not bar appellate review where a plea-withdrawal motion incorporates a *colorable* claim that the plea agreement itself—and hence the waiver of appeal rights that it contains—is tainted by constitutional error." *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018) (internal quotation marks omitted). This exception includes "appeals from the denial of a motion to withdraw guilty pleas due to ineffective assistance of counsel." *Id.*

To prevail on a claim of ineffective assistance of counsel, defendants "must prove that their attorney's conduct was both deficient and prejudicial." *United States v. Glover*, 8 F.4th 239, 246 (4th Cir. 2021). "[I]n cases where an attorney has an actual conflict of interest, prejudice is presumed if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Id.* (internal quotation marks omitted). The Government concedes that Gaines's first attorney created a conflict by rebutting Gaines's allegations about his conduct and arguing that the district court conducted a proper Rule 11 colloquy. *See id.* at 249. And while the district court replaced that attorney with appointed counsel, because Gaines's later motions hinged heavily on prior counsel's alleged conduct in coercing him to accept a plea, we may review the district court's orders denying Gaines's subsequent motions to withdraw his plea.

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012).

3

We conclude that the district court did not abuse its discretion in denying Gaines's first request to withdraw his guilty plea without prejudice to consulting new counsel. As we explained in *Glover*—which issued after the district court's hearing on this motion—the proper remedy when a defendant's counsel has a conflict of interest in this context is "conflict-free counsel" and "a new plea withdrawal hearing." 8 F.4th at 248–49. Thus, we turn to the district court's orders denying Gaines's later motions to withdraw his plea.

"A defendant has no absolute right to withdraw a guilty plea" and must demonstrate "a fair and just reason for requesting the withdrawal." *Nicholson*, 676 F.3d at 383–84 (internal quotation marks omitted). The adequacy of the plea colloquy in which the guilty plea was accepted is "[t]he most important consideration in resolving a motion to withdraw a guilty plea." *Id.* at 384 (internal quotation marks omitted). The district court also should consider several factors in deciding whether to permit a defendant to withdraw his plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Id.*

Looking at the record when the district court reviewed Gaines's second motion to withdraw his guilty plea, we conclude that the district court did not abuse its discretion in denying the motion. Gaines had submitted a declaration repudiating his desire to withdraw his guilty plea. While Gaines claimed that he misunderstood the import of the declaration, we conclude that this is an insufficient basis for Gaines to withdraw his plea. The district

4

court had no reason to doubt whether Gaines's new attorney had provided competent assistance in advising Gaines in February and March 2020 to maintain his guilty plea. Gaines does not dispute that the Government had lost contact with several witnesses.

The district court conducted a thorough Rule 11 colloquy, and Gaines's statements at the hearing that his plea was knowing and voluntary weigh heavily against his contrary assertions. *See, e.g.*, *United States v Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005) (recognizing "strong presumption of verity" applied to sworn declarations during plea colloquy, such that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established" (internal quotation marks omitted)). While Gaines asks us to not hold the time factor against him in light of his attorney's failure to file a motion to withdraw the plea on his behalf, the plea hearing was held on October 11, 2019, and the district court received Gaines's first pro se letter on December 6, 2019. We have found that a six-week delay weighs against a defendant seeking to withdraw his plea. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Finally, Gaines's claim of innocence is specious at best; although he claims that the cell phones linking him to the conspiracies were not his, he has offered no evidence to support this contention, and several coconspirators and witnesses provided statements implicating Gaines in the conspiracies.

Turning to the district court's order denying Gaines's third motion to withdraw, the district court heard Gaines testify that he was sick when he signed the declaration and did not understand its import. But the district court found that this testimony was not credible. And there is no reason to question the district court's credibility determination. *Cf. United*

5

*States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (explaining, in sentencing context, that "we afford great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence" (internal quotation marks omitted)). Thus, the district court did not abuse its discretion in denying Gaines's motions to withdraw his guilty plea.

Finally, Gaines appropriately concedes that his challenge to the conditions of supervised release is barred by his appellate waiver. *See United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). We therefore grant the Government's motion in part, dismiss this portion of the appeal, and affirm Gaines's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*